**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| T & H BAIL BONDS, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 04-1290 |
| | : | (Judge Robinson) |
| v. | : | |
| | : | |
| LOCAL 199, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, ET AL. | : : : | |
| | : | |
| Defendants | : | |

## NOTICE OF RESPONSE

TO:    COUNSEL OF RECORD

PLEASE TAKE NOTICE that the within response will be presented at the convenience of the Court.

                                                    Respectfully submitted,

                                                    /s/ Joseph J. Rhoades

                                                    Joseph J. Rhoades (Bar ID 2064)
                                                    Law Offices of Joseph J. Rhoades
                                                    Suite 1200, Legal Arts Bldg.
                                                    1225 King Street
                                                    P.O. Box 874
                                                    Wilmington, DE 19899
                                                    Attorney for Defendants
                                                    Tel. (302) 427-9500
                                                    Fax (302) 427-9509
                                                    email: joe.rhoades@rhoadeslegal.com

Of Counsel:
MARKOWITZ & RICHMAN
Jonathan Walters, Esquire
121 S. Broad Street, 11th Floor
Philadelphia, PA  19107
Telephone: (215) 875-3100
Telefax: (215)790-0668
Email: jwalters@markowitzandrichman.com
Dated: October 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T & H BAIL BONDS, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 04-1290 |
| | : | (Judge Robinson) |
| v. | : | |
| | : | |
| LOCAL 199, LABORERS | : | |
| INTERNATIONAL UNION OF | : | |
| NORTH AMERICA, ET AL. | : | |
| | : | |
| Defendants | : | |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN</u>**

This matter is before the Court upon plaintiffs' Motion to Re-Open that is in response to the Court's September 27, 2007 Order to dismiss for lack of prosecution. On October 11, 2007, plaintiffs filed their motion to re-open, presumably pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which permits a court, "on motion and upon such terms as are just," to "relieve a party…from a final judgment, order, or proceeding for the following reasons:  (1) …excusable neglect…." Defendants herein state their opposition to plaintiffs' motion.

**I.   BACKGROUND**

On or about September 17, 2004, plaintiffs commenced an action in the Court of Chancery of New Castle, Delaware against Laborers Local 199 (hereinafter the "Union" or "Local 199) and two of its officers. In that action, they sought injunctive relief from certain activities, including picketing, handbilling and the display of an inflatable rat, plus damages for allegedly libelous and slanderous utterances and writings. Defendants removed that action to this Court on September 23, 2004.

2

On September 22, 2004, the union defendant filed an unfair labor practice charge with the National Labor Relations Board (hereinafter "NLRB"). On September 30, 2004, plaintiffs filed a memorandum of law in this Court in which they acknowledged that the Court lacked jurisdiction of those aspects of their complaint that fell within the exclusive jurisdiction of the NLRB, namely the propriety of the union's picketing. In that pleading, they suggested that the remaining aspects of their complaint be stayed pending the outcome of the NLRB charges. On November 8, 2004, defendants filed their answer and affirmative defenses.

On March 13, 2006, the Union withdrew its NLRB charges. The Regional Director for the NLRB sent plaintiffs' counsel a letter informing him that she had approved the Union's request to withdraw the charge. *See* attachment 1. Notwithstanding that notice, on January 26, 2007, plaintiffs' counsel sent a letter to the NLRB inquiring about the status of the charges. *See* attachment 2. Finally, on September 21, 2007, plaintiffs' counsel sent copies of those letters to the Clerk's office in this Court. *See* attachment 3.

On September 27, 2007, the Court entered the following Order:

At Wilmington this 27th day of September, 2007, having reviewed the docket, and there having been no activity since the case was stayed almost three years ago pending National Labor Relations Board proceedings (D.I. 10):

IT IS ORDERED that said case is dismissed for lack of prosecution.

The Order further provided, "The court will entertain motions to reopen the case for good cause, should such motions be filed within 30 days of this order." Plaintiffs have timely filed such a motion.

## II.     ARGUMENT

In *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Court set forth the standards that the district courts

are to apply for determining excusable neglect.  First, the courts are to make what the Third Circuit has stated is an "essentially equitable" inquiry.  *In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 182 (3d Cir. 2000).  In *Pioneer*, which arose in the context of a bankruptcy proceeding, the Court stated that the courts are to consider "all relevant circumstances," but specifically "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  507 U.S. at 395.

In *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995), the Third Circuit addressed the Bankruptcy Rule that permits courts to accept late-filed claims when the lateness was due to excusable neglect.  It held that the bankruptcy courts were to make factual findings, "including the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith."  *Id*. at 350.  These factors are applicable to and determinative of plaintiffs' motion.

      1.      Prejudice to the Union

By this time, over three years have passed since the underlying events occurred and it will be close to if not over four years by the time the matter is tried.  No discovery has taken place, and it is unlikely that many of the witnesses to the events will be identifiable or located.  While plaintiffs will suffer the same prejudice to their presentation, the question is not which party will be greater prejudiced, but whether the Union will suffer from the delay.

      2.      Length of the delay and its impact on judicial proceedings

This matter could, and should, have been re-activated as early as March 2006, when the NLRB proceedings were terminated.  The reason that the matter was initially put on hold was to permit the administrative agency charges to run their course.  Once that was completed, 19

4

months ago, the reason for staying the court action terminated.  Now, almost two years after the commencement of plaintiffs' action, they seek to rekindle the flame that has long since dwindled to the point of darkness.  Bearing in mind that the injunctive aspects of the complaint are no longer before the Court, all that remains are the nebulous claims of libel and slander from 2004.  Given that there has not even been discovery, it is safe to conclude that this case will be on the Court's docket well into 2008 and that if it is re-opened, the Court will be compelled to hear a garden-variety state law claim.  In that the delay was solely the result of plaintiffs' counsel's error, there is no reason to expend the Court's limited resources on this matter.

      3.      The reason for the delay

There is no dispute that the delay was occasioned by the failure of counsel for the plaintiffs to advise the Court of the termination of the NLRB proceedings.  Indeed, in paragraph 9 of plaintiffs' motion, it is acknowledged that "[t]he delay was the result of a mistake by Counsel for the Plaintiff, having sent the wrong documents to the Court…."  Citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1990), plaintiffs argue that they should not be subject to the sanction of dismissal.  However, their reliance on *Augusta Fiberglass* is misplaced.  There, the court distinguished between the fault of Fodor's attorney and the fault, if any, of the client.  *Id.* at 811.  That distinction, however, was specifically rejected by the Supreme Court in *Pioneer*.  "[R]espondents [are to] held accountable for the acts and omissions of their chosen counsel.  Consequently, in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." 507 U.S. at 397 (emphasis in original).

      4.      Plaintiffs' good faith

There is no contention that plaintiffs' counsel acted in bad faith.

## III.  CONCLUSION

An analysis of the totality of the circumstances reveals that plaintiffs were informed over one and one-half years ago that the reason for staying their court action had been resolved with the withdrawal of the Union's unfair labor practice charge but that they did absolutely nothing to revive the court matter until September 2007. It is no wonder that the Court dismissed this matter for lack of prosecution; there was, in fact, no such prosecution, and the reason for that lack of attention lies squarely at the feet of plaintiffs.

Accordingly, plaintiffs' motion to re-open should be denied.

Respectfully submitted,

/s/ Joseph J. Rhoades

Joseph J. Rhoades (Bar ID 2064)
Law Offices of Joseph J. Rhoades
Suite 1200, Legal Arts Bldg.
1225 King Street
P.O. Box 874
Wilmington, DE 19899
Attorney for Defendants
Tel. (302) 427-9500
Fax (302) 427-9509
email: joe.rhoades@rhoadeslegal.com

Of Counsel:

MARKOWITZ & RICHMAN
Jonathan Walters, Esquire
121 S. Broad Street, 11th Floor
Philadelphia, PA  19107
Telephone: (215) 875-3100
Telefax: (215)790-0668
Email: jwalters@markowitzandrichman.com

Dated:  October 24, 2007

## **CERTIFICATE OF SERVICE**

I, Carol McCool, Legal Assistant, hereby certify that on this 24th day of October, 2007, I caused to be served upon plaintiffs' counsel two true and correct copies of Defendants' Opposition to Plaintiffs' Motion to Re-Open by First Class U.S. Mail to the following address:

John F. Brady, Esquire
Counsel to the Plaintiffs
P. O. Box 251
Georgetown, Delaware  19947

/s/Carol McCool
_____
Carol McCool

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| T & H BAIL BONDS, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 04-1290 |
| | : | (Judge Robinson) |
| v. | : | |
| | : | |
| LOCAL 199, LABORERS | : | |
| INTERNATIONAL UNION OF | : | |
| NORTH AMERICA, ET AL. | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this       day of                  , 2007, upon consideration of plaintiffs' motion to re-open and defendants' opposition thereto, and based upon the totality of the circumstances, and upon a finding that the factors set forth in *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995), weigh against plaintiffs' motion, the motion to re-open is DENIED.

BY THE COURT:

_____
J.