IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T & H BAIL BONDS, INC. and<br>TED PRIDGEN | :<br>:<br>: | C.A. No.: 04-1290-SLR |
| Plaintiffs, | :<br>: | |
| v. | :<br>: | |
| LOCAL 199 LABORERS'<br>INTERNATIONAL UNION OF<br>NORTH AMERICA, BILLY CARTER<br>and JAMES ROCHESTER | :<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES, the Plaintiffs, T & H Bail Bonds and Ted Pridgen by and through counsel John F. Brady, Esquire of the law firm of Brady, Richardson, Beauregard & Chasanov, LLC, 10 E. Pine Street, Georgetown, Delaware 19947 and moves this Honorable Court to deny Defendant's Motion for Partial Summary Judgment and in support thereof asserts as follows:

**I.   PLAINTIFF'S CLAIMS ARE NOT PREEMPTED**

Defendant's Motion for Partial Summary Judgment (the "Motion") seeks to have Count I dismissed on the grounds that the claim alleged is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq.* Summary judgment will be granted only where there are no genuine issues of material fact between the parties. Defendant instead bases its Motion on the legal ground of preemption, precluding the opportunity to make any meaningful factual determination; however, the Courts have consistently held that state claims under tort or contract theory, even if arising from the

same facts that give rise to Federal claims under the NLRA, may be sustained. In the present case, Count I adequately states a cause of action for the tortuous interference of business relations, a state claim arising from the conduct alleged in Count I. Whether the alleged conduct gives rise to separate federal claims subject to the review of the National Labor Relations Board is irrelevant as to whether the state claim can be addressed by this Court. Accordingly, Defendant's Motion should be denied.

### A. Summary Judgment

A "court may grant summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Sanderson v. Continental Casualty Corp.*, 279 F.Supp.2d 466, 468 (D. Del. 2003) (*quoting* FED. R. CIV. P. 56(c)). In the present case, there has been no meaningful opportunity to even address the facts at issue in Count I. Rather, Defendant seeks summary judgment on a non-factual basis, to-wit: the legal principles governing of preemption. Therefore, if this Court holds that the state claim is not preempted, or if the question of preemption relies on a factual determination not yet made, this Court must deny Defendant's Motion.

### B. The NLRA

The NLRA provides a declaration of policy stating, *inter alia*, that the NLRA is designed to protect "the right of employees to organize and bargain collectively" "restor[e] equality of bargaining power between employees and employers," and eliminate the practices by some labor organizations that "have the intent or the necessary effect of burdening or obstructing . . . the free flow of commerce." 29 U.S.C. § 151.

Thus, the purpose is to regulate the relationship between employers and their employees in order to prevent the disruption of commerce. Nowhere does it provide for regulation of relationships with third parties, and in fact Defendant fails to cite a single case that would suggest preemption where such a relationship were affected adversely.[1]

### C. Tortious Interference with Prospective Business Relations

Delaware law recognizes a tort of wrongful interference with prospective business relationships. In *Empire Financial Services, Inc. v. The Bank of New York*, the Delaware Supreme Court, citing well-established lower-court precedent on the matter, provided the prima facie case for wrongful interference with prospective business relationships. 900 A.2d 92, 98 (Del. 2006). Specifically, to prove such a tort, a plaintiff must show "(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with that opportunity, (c) proximate causation, and (d) damages, all of which must be considered in light of a defendant's privilege to compete or protect his business interests in a fair and lawful manner." *Id. (quoting DeBonaventura v. Nationwide Mutual Insurance Co.*, 428 A.2d 1151, 1153 (Del. Ch. 1980); and *citing Malpiede v. Townson*, 780 A.2d 1075, 1099 (Del. 2001)). The Delaware Superior Court has addressed each of these factors. With respect to prospective business relations, such relations "which are subject to protection . . . are any which are of 'potential pecuniary value to the plaintiff,' including 'the prospect of obtaining employees . . . and any other relations leading to potentially profitable contracts.'" *Lipson v. Anesthesia Services, P.A.*,

---

[1] The NLRA does reference the fact that the protection of commerce is based on the interest of the general public, but that interest relates only to activities that prevent the "free flow of goods in such commerce," and not to private wrongs. Plaintiff will demonstrate that such a distinction is not trivial. *See* discussion *infra* Part I.D.

790 A.2d 1261, 1285 (Del. Super. 2001) (*quoting* Restatement (Second) of Torts, § 766B, comment c (1979)). With respect to intentional interference,

> [o]ne is purposely permitted to cause a third person not to enter into or continue a business relation with a competitor of the actor if (a) the relation concerns a matter involved in the competition between the actor and the competitor, and (b) the actor does not employ improper means, and (c) the actor does not intend thereby to create or continue an illegal restrain[sic] of competition, and (d) the actor's purpose is at least in part to advance his interest in his competition with the other.

*Id.* at 1287. With respect to the other two factors, "[g]enerally, the issues of causation and damages are left for the jury." Id. at 1290 (*quoting Naidu v. Laird*, 539 A.2d 1064, 1075 (Del. Super. 1988).

### D. The Law of Preemption as Applied to Tort Claims

Defendant's Motion details the law of preemption, providing two categories of exceptions where a state law will not be preempted. *See* Defendant's Motion for Partial Summary Judgment, pages 4-5 (referencing matters of merely peripheral concern to the NLRB and matters that are highly structured and administered). One case cited only in passing by Defendant actually provides a more detailed description of the relationship between the NRLA and state claims, and it was decided only one year prior to *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed2d 775 (1959), on which Defendant so heavily relies. In *International Ass'n of Machinists et al. v. Gonzales*, the United States Supreme Court held that "the possibility of partial relief from the [NLRB] does not, in such a case as is here presented, deprive a party of available state remedies for all damages suffered. 356 U.S. 617, 621, 78 S.Ct. 923, 925, 2 L.Ed.2d 1018, 1022 (1958). The case presented was that of a union member who alleged that he had been wrongfully ousted from the union, which the Court characterized as a contractual dispute. *See Id.* at 618. The Court noted that

> [i]f, as we held in the Laburnum case, certain state causes of action sounding in tort are not displaced simply because there may be an argumentative coincidence in the facts adducible in the tort action and a plausible proceeding before the [NLRB], a state remedy for breach of contract also ought not be displaced by such evidentiary coincidence when the possibility of conflict with federal policy is similarly remote.

*Id.* at 621 (*citing United Constr. Workers v. Laburnam Constr. Corp.*, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954). *Laburnam* itself involved an employer whose refusal to have his employees join a labor union was met with threats of substantial violence. *See Laburnam*, 347 U.S. at 657. The employer was compelled to abandon work on projects, which resulted in a state law tort claim based on the lost profits. *Id.* at 658. In upholding the state court's jurisdiction over the tort claim, the Supreme Court noted that "Congress has neither provided nor suggested any substitute for the traditional state court procedure for collecting damages for injuries caused by tortious conduct." *Id.* at 663-64. The Court went on to distinguish between the general public's interest in the free flow of commerce, a policy basis for the NLRA, and the interest of a victim of tort. "The primarily private nature of claims for damages under state law also distinguishes them in a measure from the public nature of the regulation of future labor relations under federal law." *Id.* at 665. Thus, state law tort claims are not preempted by the NLRA.

### E. The Allegations of Count I

In Count I of Plaintiff's complaint, Plaintiff alleged, *inter alia*,

5. Defendant's activity is designed to cause economic harm to Plaintiff, and is causing safety concerns to Plaintiff and his customers and causing potential customers to go elsewhere for bail bonds.

. . .

7. Attached as Exhibit 1 is the flyer that Local 199 is handing out that is attacking Plaintiff's Pridgen bail bond business and Plaintiff's Pridgen livelihood, as potential customers were scared away by Defendant's actions.

Clearly, Plaintiff is alleging 1) that Plaintiff has potential business relations, 2) that Defendant's activity, by design, is to interfere with those potential business relations, and 3) that Defendant's activity "is causing" 4) damages. This is the prima facie case for the state tort of wrongful interference with potential business relations. There is no possibility of conflict with federal policy, as the actions of the Defendant could be performed without rising to the level of wrongful interference with prospective business relations. Yet, as alleged, they rise to that level, constituting a cause of action under state law separate and distinct from any federal claim arising under the NRLA. See, e.g., *Id.* at 665. Whether Plaintiff can prove the wrongful conduct is not relevant at this stage of the case, and so Plaintiff should be permitted to do so. Accordingly, summary judgment would be premature, and Defendant's Motion should therefore be denied.

## II. CONCLUSION

Because Plaintiffs allege a state tort claim unaffected by the law of preemption, and there has been no opportunity *at all* to resolve the genuine issues of material fact between the parties, Plaintiffs respectfully request that this Court deny Defendant's Motion for Partial Summary Judgment.

/s/ *[signature]*
John F. Brady, Esquire
Bar ID No.: 2977
Brady, Richardson, Beauregard & Chasanov, LLC
10 E. Pine Street
Georgetown, Delaware 19947
302-856-7361
Attorney for Plaintiffs

Dated: January 10, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T & H BAIL BONDS, INC. and<br>TED PRIDGEN | :<br>: C.A. No.: 04-1290-SLR<br>: |
| Plaintiff, | : |
| v. | : |
| LOCAL 199 LABORERS'<br>INTERNATIONAL UNION OF<br>NORTH AMERICA, BILLY CARTER<br>and JAMES ROCHESTER | :<br>:<br>:<br>: |

CERTIFICATE OF SERVICE

I, John F. Brady, Esquire, certify that I caused to be placed in the U.S. Mail, postage prepaid a copy of the attached Plaintiff's Brief in Opposition to Defendant's Motion for Partial Summary Judgment on this 10th day of January, 2008 to the following person(s):

Joseph J. Rhoades, Esquire
1225 King Street, Suite 1200
P.O. Box 874
Wilmington, Delaware 19899-0874

Jonathan Walters, Esquire
Law Offices of Markowitz & Richman
1100 North American Building
121 South Broad Street
Philadelphia, Pennsylvania 19107

/s/ *signature*
John F. Brady, Esquire
Bar ID No.: 2977
Brady, Richardson, Beauregard & Chasanov, LLC
10 E. Pine Street
Georgetown, Delaware 19947
302-856-7361
Attorney for Plaintiffs