**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| T & H BAIL BONDS, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 04-1290 |
| | : | (Judge Robinson) |
| v. | : | |
| | : | |
| LOCAL 199, LABORERS | : | |
| INTERNATIONAL UNION OF | : | |
| NORTH AMERICA, ET AL. | : | |
| | : | |
| Defendants | : | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION**
**TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs have asserted erroneously that their state-law claim of wrongful interference with prospective business relations is not preempted by the Supreme Court's *Garmon* doctrine. They cite no cases in support of that contention, namely because the few courts that have considered similar allegations have applied the preemption doctrine and concluded that the state claims may not proceed.

In *Bergen Regional Medical Center v. Health Professionals*, 2005 WL 3216549 (D.N.J. 2005), the plaintiff alleged that the defendant union had tortiously interfered with its business relationship with a company that was not a party to the collective bargaining relationship between the parties to the lawsuit. The gravamen of plaintiff's complaint was that the defendants had opposed the privatization of the medical center by attempting to break a lease and operating agreement between the plaintiff and the lessor of the hospital where the union represented certain employees. The court found that the alleged tortious conduct, which included threatening potential employment agencies with retaliation if they provided the medical center with employees, arguably fell within the

scope of prohibited activities under Section 8(b)(1) and 8(b)(4) of the National Labor Relations Act (the "Act"). It recognized that "'only the narrowest of exceptions' prevent NLRB preemption," and referred to those exceptions that defendants have identified in our principal brief. *Bergen Regional Medical Center, supra*, n.6 (quoting *NLRB v. California Horse Racing Board*, 940 F.2d 536, 540 (9th Cir. 1991)).

The district court in *BRMC* found support for its conclusion that the plaintiff's tortious interference claim was preempted in the Fourth Circuit's similar conclusion in *In re Sewell*, 690 F.2d 403 (4th Cir. 1982). There, a labor union filed a state court lawsuit against the president of a company for tortious interference with the formation of a contract, based upon the defendant's conduct that was found to be in violation of the company's duty to bargain in good faith pursuant to Section 8(a)(5) of the Act. The court assumed that the complaint alleged a cause of action under state law, but held that the conduct was subject to regulation by federal labor law. It stated, "State law which is invoked to redress conduct prohibited by § 8 of the Act falls squarely within *Garmon's* doctrine of preemption." 690 F.2d at 408. It further found that, "Sewell's conduct does not fall within any of the exceptions to *Garmon*, which are cataloged in *Sears,*[1] 436 U.S. at 195, 98 S.Ct. at 1756." *Sewell*, 690 F.2d at 408.

As explained in defendant's principal brief in support of dismissal, the plaintiffs' allegations do not implicate any of the *Garmon* exceptions and do concern conduct on the part of defendants that has traditionally been governed by the laws administered by the National Labor Relations Board. Indeed, plaintiffs do not argue to the contrary. Although they cite *International Ass'n of Machinists v. Gonzales,* 356 U.S. 617 (1958),

---

[1] *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978)

2

which involved the wrongful expulsion from union membership, that decision has long been recognized as one of the narrow exceptions to the *Garmon* doctrine. Similarly, *United Construction Workers v. Laburnam Construction Corp.*, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025 (1954), also cited by plaintiffs, falls within the recognized exception to preemption for threats of violence.

Rather than providing any legal authority in support of their position that they may maintain their state-law claim, plaintiffs baldly assert that they have asserted a *prima facie* claim for wrongful interference with potential business relations and that "[t]here is no possibility of conflict with federal policy, as the actions of the Defendant could be performed without rising to the level of wrongful interference with" such relations, but, "as alleged, they rise to that level, constituting a cause of action under state law separate and distinct from any federal claim arising under the NLRA." Plaintiffs' brief at 6. What this statement fails to recognize, however, is that the allegations place this matter squarely within the traditional realm of NLRA preemption, as the conduct in question is, at a minimum, "arguably" an unfair labor practice, and involves union activities - area standards picketing - that is at the heart of the NLRB's responsibility to regulate.

Accordingly, for the above reasons and those stated in defendants' principal brief, Count I of the complaint should be dismissed.

                                      Respectfully submitted,

                                      /s/ Joseph J. Rhoades
                                      _____
                                      Joseph J. Rhoades (Bar ID 2064)
                                      Law Offices of Joseph J. Rhoades
                                      Suite 1200, Legal Arts Bldg.
                                      1225 King Street
                                      P.O. Box 874
                                      Wilmington, DE 19899

                                                     Attorney for Defendants
                                                     Tel. (302) 427-9500
                                                     Fax (302) 427-9509
                                                     Email: joe.rhoades@rhoadeslegal.com

Of Counsel:
MARKOWITZ & RICHMAN
Jonathan Walters, Esquire
121 S. Broad Street, 11th Floor
Philadelphia, PA 19107
Telephone: (215) 875-3100
Telefax: (215)790-0668
Email: jwalters@markowitzandrichman.com


Dated: January 22, 2008

## **CERTIFICATE OF SERVICE**

I, Carol McCool, Legal Assistant, hereby certify that on this 22nd day of January, 2008, I caused to be served upon plaintiffs' counsel two true and correct copies of Defendants' Reply to Plaintiffs' Opposition to it Motion for Partial Summary Judgment by First Class U.S. Mail to the following address:

> John F. Brady, Esquire
> Counsel to the Plaintiffs
> P. O. Box 251
> Georgetown, Delaware  19947

/s/Carol McCool

_____

Carol McCool