IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| T & H BAIL BONDS, ET AL. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | NO. 04-1290 |
| | : | (Judge Robinson) |
| v. | : | |
| | : | |
| LOCAL 199, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, ET AL. | : | |
| | : | |
| Defendants | : | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS AND LEGAL ISSUES UPON WHICH JUDGMENT IS SOUGHT

Pursuant to this Court's Order of February 13, 2008, moving parties, Local 199, Laborers International Union of North America, et al., hereby file their statement of the material facts as to which they contend there is no genuine issue to be tried and the legal issues upon which judgment is sought.

**Uncontested Facts**

1. Plaintiffs are T & H Bail Bonds, Inc., a corporation located at 623 King Street, Wilmington, Delaware and 307 State Street, Dover, Delaware, and its President, Ted Pridgen.

2. Defendants are Local 199, Laborers International Union of North America (hereinafter "the Union"), and two of its officers.

3. Beginning on September 14, 2004, the Union began to protest at plaintiffs' Wilmington location the use of nonunion labor elsewhere by a company called LCC.

4. The protest involved picketing, the use of a large, inflatable rat and the distribution of handbills.

5. On September 22, 2004, the Union filed an unfair labor practice charge with the National Labor Relations Board in Philadelphia, Pennsylvania.

6. On March 13, 2006, the Union withdrew those charges.

7. Count I of plaintiffs' Complaint is styled "Interference with Trade," and alleges that the defendants engaged in picketing at their business location, distributed "misleading" flyers (handbilled) and utilized an inflated "giant rat" "regarding the use of non-union labor," which activity "is designed to cause economic harm" to the plaintiffs, "is causing safety concerns to Plaintiff and his customers" and is "causing potential customers to go elsewhere for bail bonds."

**Legal Issues Upon Which Judgment is Sought (Count I)**

8. In that the conduct of which plaintiffs complain is either actually or at least arguably protected or prohibited by the National Labor Relations Act, 29 U.S.C. §151, *et seq.*, and is not a merely peripheral concern of that Act nor deals with interests deeply rooted in local feeling and responsibility, plaintiffs' claims are preempted by that law and the NLRB's administration of it.

9. Thus, if the Union directed its protest against LCC at plaintiffs' Wilmington location, and plaintiffs had no connection with LCC, the Union's conduct was at least arguably secondary in nature and therefore arguably in violation of Section 8(b)(4)(i)(ii)(B) of the Labor Management Relations Act, 29 U.S.C. §158(b)(4)(i)(ii)(B).

10. That being the case, plaintiffs' state-law claims as set forth in Count I of their Complaint are totally preempted.

Respectfully submitted,

/s/ Joseph J. Rhoades

---

Joseph J. Rhoades (Bar ID 2064)
Law Offices of Joseph J. Rhoades
Suite 1200, Legal Arts Bldg.
1225 King Street
P.O. Box 874
Wilmington, DE 19899
Attorney for Defendants
Tel. (302) 427-9500
Fax (302) 427-9509
Email: joe.rhoades@rhoadeslegal.com

Of Counsel:
MARKOWITZ & RICHMAN
Jonathan Walters, Esquire
121 S. Broad Street, 11th Floor
Philadelphia, PA  19107
Telephone: (215) 875-3100
Fax: (215)790-0668
Email: jwalters@markowitzandrichman.com

DATE: February 29, 2008

4

**CERTIFICATE OF SERVICE**

      I, Carol McCool, Legal Assistant, hereby certify that on this 29th day of February, 2008, I caused to be served upon plaintiffs' counsel two true and correct copies of Defendants' Statement of Material Facts and Legal Issues Upon Which Judgment is Sought by First Class U.S. Mail to the following address:

> John F. Brady, Esquire
> Counsel to the Plaintiffs
> P. O. Box 251
> Georgetown, Delaware  19947

      /s/Carol McCool
      _____
      Carol McCool